UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV-23-114-MWF (KESx) | Date:  January 12, 2023 |
| Title: | Sunny Acre, LLC v. Edgar Meinhardt, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):**  ORDER GRANTING IN PART EX PARTE APPLICATION FOR REMAND AND FOR ATTORNEY FEES [6]

Before the Court is Plaintiff Sunny Acre, LLC's Ex Parte Application (the "Application") for Remand and for Attorney Fees, filed on January 10, 2023. (Docket No. 6). Defendant Irwin Viloria has not filed an Opposition.

The Application is **GRANTED** to the extent it seeks remand and it is **GRANTED *in part*** to the extent it seeks attorney fees. The Court awards Plaintiff $800 in attorney fees (rather than the $1,600 requested). The Court lacks subject matter jurisdiction over this unlawful retainer action and Plaintiff is entitled to reasonable attorney fees because the removal was done in bad faith solely to harm Plaintiff's effort to obtain a judgment in the unlawful detainer action.

On October 20, 2020, Plaintiff filed an unlawful detainer action in Ventura Superior Court and filed an amended complaint on July 28, 2021. (Removal Notice, Ex. 2 (Docket No. 1)). The trial in the underlying unlawful detainer matter was scheduled for January 9, 2023, but presumably because Defendant filed this removal on the morning of trial, the trial was continued to Wednesday January 11, 2023. (Application at 2).

This Court concludes that it cannot properly assert jurisdiction over this matter based on either federal question or diversity subject matter jurisdiction. This action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES—GENERAL

**Case No.** CV-23-114-MWF (KESx)          **Date:** January 12, 2023
**Title:** Sunny Acre, LLC v. Edgar Meinhardt, et al.

does not arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987). The state court complaint states only a state law claim for unlawful detainer, and Defendants' anticipated defenses to that claim cannot confer jurisdiction on this Court. (Removal Notice, Ex. 1 (Docket No. 1)).

     Moreover, while Defendant also appears to assert the existence of diversity jurisdiction in the Removal Notice, the state court complaint asserts that the amount in controversy is less than $25,000 and is between non-diverse litigants (i.e., a California LLC and California residents). (Application at 3). Therefore, diversity jurisdiction does not exist under 28 U.S.C. § 1332.

     Indeed, federal courts routinely remand unlawful detainer actions for lack of subject matter jurisdiction. *See, e.g., Seadrift II, LLC v. Singh*, No. C 11-5823 SBA, 2012 WL 1355697, at *3 (N.D. Cal. Apr. 18, 2012) ("The law is clear that federal courts lack jurisdiction over unlawful retainer actions."); *see also U.S. Bank Nat. Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010); *OneWest Bank FSB v. Ignacio*, No. CIV S-10-1683-JAM-DAD, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010); *Indymac Fed. Bank, F.S.B. v. Ocampo*, No. ED CV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010).

     Accordingly, this Court does not have subject matter jurisdiction over this action.

     While the question of whether to grant Plaintiff's request for an award of attorney fees is a closer question, the Court concludes that an assessment of fees is warranted in this instance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-23-114-MWF (KESx) | Date:  January 12, 2023 |
| Title:    Sunny Acre, LLC v. Edgar Meinhardt, et al. | |

A defendant who removes a case improperly may be sanctioned under Rule 11 and 28 U.S.C. § 1447.  In particular, § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*  Here, Plaintiff's attorney seeks $1,600 in fees based on four hours of work drafting the Application and giving notice to all parties, at a rate of $400 an hour.  (See Declaration of Andrew Mase at § 4).

As noted above, state and federal laws unequivocally prohibit removal under the circumstances of this case.  *See CIT Bank, N.A. v. Est. of Marrazzo*, No. CV 17-1948-YY, 2018 WL 2144506, at *4 (D. Or. Apr. 17, 2018), *report and recommendation adopted*, No. CV 17-1948-YY, 2018 WL 2144346 (D. Or. May 8, 2018) (noting that in determining whether to award attorney's fees based on an improper removal "[t]he court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'") (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008)).  And Defendant cannot claim ignorance of the law given the **three previous attempts to remove this action** have been roundly rejected.  The docket numbers of those cases are Nos. 22-cv-04172-MCS-MAA, 22-cv-06445-MCS-MAA, 21-cv-8013-MWF-KES.

Moreover, it is obvious that Defendant has filed this removal with the purpose of frustrating the unlawful detainer action in state court, which was set for trial on the same date as Defendant filed for removal, which supports awarding fees.  *See Seadrift*, 2012 WL 1355697, at *3 (awarding $350 in attorney fees and costs, despite pro se status of the defendants, where the defendants failed to oppose the motion, waited four months to file the notice of removal, and likely filed the notice with intent to delay the unlawful retainer proceedings); *see also PNC Bank, N.A. v. Ahluwalia*, No. CV 15-01264-LB, 2015 U.S. Dist. LEXIS 80720, *17 (N.D. Cal. May 28, 2015) (awarding $750 in attorney fees where "[t]he record establishe[d] delay to hijack the state unlawful-detainer trial.").

The Court agrees with Plaintiff that attorney fees are warranted but concludes that two hours at counsel's hourly rate of $400 is a reasonable amount.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

<u>CIVIL MINUTES—GENERAL</u>

| | |
|---|---|
| **Case No.** CV-23-114-MWF (KESx) | **Date:** January 12, 2023 |
| **Title:** Sunny Acre, LLC v. Edgar Meinhardt, et al. | |

  Accordingly, the Application is **GRANTED** as to remand and **GRANTED** *in part* as to fees.  This action is **REMANDED** to the Superior Court of the State of California for the County of Ventura.  Defendant Irwin Viloria is **ORDERED** to pay the sum of $800.00 as a sanction to Plaintiff.

  IT IS SO ORDERED.